| | | |
|---|---|---|
| JENNIFER J. BANDURCHIN<br>19700 Trunk Road<br>White Hall, Maryland 21161 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE COUNTY |
| STAPLES THE OFFICE<br>SUPERSTORE EAST<br>100 PENNSYLVANIA AVENUE<br>FRAMINGHAM, MA 01701 | * | CASE NO. C.06-2026 |
| | * | |
| | * | |
| SERVE ON:<br>THE CORPORATION TRUST<br>INCORPORATED<br>300 E LOMBARD ST<br>BALTIMORE, MD 21202 | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |

L06CV 842

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR WRONGFUL TERMINATION

Plaintiff, Jennifer G. Bandurchin ("Bandurchin"), by her undersigned attorney, hereby sues the Defendant, Staples The Office Superstore East, Inc. ("Staples"), and for cause alleges as follows:

1. Plaintiff Jennifer G. Bandurchin is a resident of Baltimore County. Bandurchin was employed by the Defendant for several years until on or about May 17, 2005.

2. Defendant is a large Delaware corporation engaged in the business of selling office supplies in retail stores and on the internet. Staples transacts business in many counties in Maryland, including Baltimore County. Many of Staples' administrative functions are located in Owings Mills and in Catonsville, both in Baltimore County, Maryland.

3. Bandurchin was hired by Staples in or about July 1998, as a cashier in its



RECEIVED AND FILED
06 FEB 23 PM 3: 23
CLERK OF
BALTIMORE COUNTY

Towson store. She excelled and rose to the position of Copy Center Manager. After about fourt years, Bandurchin transferred to the Bel Air store. In a restructuring of job titles, Bandurchin's job became known as Assistant Store Manager. Bandurchin sought opportunities to rise in the organization, including asking to participate in a management training track program.

4.   In September 2004, Bandurchin transferred to the Owings Mills store on Reisterstown Road. She reported to John Bernardo, the store manager.

5.   After about a month working at the Owings Mills store, Bandurchin noticed a pattern of behavior that she found suspicious. A pair of customers used the shipping portion of the store on frequent occasions to ship high-cost goods such as consumer electronics. She believed that the shipments may be stolen goods, and alerted her supervisor about them. After telling Mr. Bernardo about her suspicions, the shipments stopped for awhile.

6.   In late November 2004, Bernardo was promoted to a regional position, District Copy Center Manager, and was replaced by Reid Ringham as the Owings Mills store manager.

7.   On or about January 10, 2005, the shippers who had raised Bandurchin's suspicions returned to the store. Bandurchin told Ringham, and met with the Staples Loss Prevention team. The shippers increased their activity, and shipped goods from the Owings Mills store five to six times per week. In an eight-month period, Bandurchin observed about 150-200 packages sent by the same shippers. One package was labeled "shoes," but was 50 pounds, and valued at $2,000. Many of the shipments were in the original packages showing the manufacturer and contents of the box, and appeared to be new.

8.   Bandurchin's internal reports about the fraudulent shippers were

apparently ignored.

9.   Shortly after meeting with the Loss Prevention Team, Bandurchin received her first negative review from Staples. An asserted reason for the review was a fabricated incident in which a Staples employee accused Bandurchin's husband of visiting the Bel Air store and yelling "the bitch is gone," which was supposedly understood to refer to Bandurchin's prior supervisor Peggy Bruce. On the day in question, Bandurchin's husband, a Baltimore County police officer, was on duty in Baltimore County and nowhere near the Harford County store.

10.   Bandurchin requested an investigation into the origin of the alleged incident involving her husband. The local human resources personnel told her that if she wanted a fight, she would get it, and otherwise failed to respond to her request for an investigation. Because of the negative review, however, her annual pay increase was lower than it would otherwise have been. Bandurchin's requests for further explanations about the categories in which she received low ratings never received a response, contrary to company policy.

11.   In March 2005, Bandurchin noticed the same shippers attempting to ship a box with a Best Buy pink sticker. Bandurchin knew that the pink sticker signified that the merchandise had been returned to its store after purchase. Bandurchin took pictures of the serial number and the box. She then alerted a detective with the Baltimore County Police Department, Steve Pryor, and shared the information with him.

12.   Upon investigating, the detective told Bandurchin that the box did belong to Best Buy, that people with the same name as her shipping customers had stolen property from a Baltimore County Best Buy store, and the children of one of them had been accused of similar activity in Baltimore County. Best Buy had concluded that the thefts it had experienced were


inside jobs, but had been unable to trace the activity until Bandurchin called the police.

13. Staples' local human resources personnel called Bandurchin in for a meeting in late March 2005, and demanded to know why they had not been informed of the fraudulent shipping issues that Bandurchin had observed. Bandurchin had used the company's preferred "chain of command" approach in letting the store manager know of her suspicions. They also instructed her that her actions in alerting the police department to the criminal activity violated company policy against disclosing information about customers.

14. On March 30, 2005, Bandurchin was instructed on her day off to attend a meeting. She had important family plans, and met with Staples representatives on her next scheduled workday. She was given a poor review for the first time, including a reprimand for alerting the Baltimore County police and Best Buys of the criminal activity carried out at Staples.

15. On May 17, 2005, Staples fired Bandurchin, citing her violation of the non-disclosure policy when she gave the names of the fraudulent shippers and details of their activities to the Baltimore County Police Department.

16. Staples' company policies also include a code of ethics, forbidding managers from retaliating against employees who report suspected illegal or unethical behavior. In contravention of this policy, Staples terminated Bandurchin's employment, and refused to reconsider the decision when Bandurchin contacted the central human resources department in Massachusetts.

17. Staples paid Bandurchin for her accumulated hours and accrued vacation time, and the value of her company-issued stock purchases, but did not pay for her accumulated personal leave days or give her any other compensation upon her dismissal.

18. Bandurchin has suffered great emotional distress over the termination of her employment by Staples, including loss of sleep, anxiety, insecurity over financial issues, and depression.

19. Bandurchin searched diligently for a replacement job, and eventually found a position with local book and gift store Greetings and Readings. Bandurchin's salary and benefits are far lower at Greetings and Readings than they were at Staples.

## COUNT ONE

## WRONGFUL DISCHARGE

20. Plaintiff realleges the allegations of paragraphs 1 through 18 and incorporates them here by this reference.

21. In March 2005, Bandurchin fully and truthfully disclosed to the Baltimore County Police Department her suspicions of criminal activity being facilitated by Staples' shipping services.

22. Shortly after Bandurchin made the disclosures to the proper authorities, Staples determined that Bandurchin could not remain an assistant manager of its store. Staples determined that its customers' privacy, even if they were engaged in criminal activity, was more important than the prevention or detection of criminal activity.

23. Staples' action in terminating Bandurchin's employment violates the clear mandate of public policy in Maryland that protects employees who report suspected criminal activity to the appropriate authorities.

24. Staples' termination of Bandurchin has caused her great emotional and financial damage which continue.

WHEREFORE, Jennifer G. Bandurchin demands that

A. Judgment be entered against Staples - The Office Supply Superstore, Inc., for compensatory damages in an amount to be determined at trial, together with an award of punitive damages in an amount to be determined at trial, plus attorney's fees and litigation expenses, costs, and interest, all in amounts to be determined at trial; and

B. That the Court grant such other relief to Plaintiff as may be just and appropriate.

Respectfully submitted,

_____
Mary T. Keating
728 Deepdene Road
Baltimore, Maryland 21210
410-532-8900

Attorney for Plaintiff Jennifer G. Bandurchin

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

_____
Mary T. Keating

Circuit Court for ___BALTIMORE COUNTY___
<sub>City or County</sub>

# CIVIL—NON-DOMESTIC CASE INFORMATION REPORT

*Directions:*

*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.*

*Defendant: You must file an Information Report as required by Rule 2-323(h).*

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☒ PLAINTIFF  ☐ DEFENDANT       CASE NUMBER: C-06-2060
(Clerk to insert)

CASE NAME: __JENNIFER J. BANDURCHIN__      v   __STAPLES THE OFFICE SUPERSTORE EAST__
                  Plaintiff                                                    Defendant

JURY DEMAND: ☒ Yes  ☐ No      Anticipated length of trial: _____ hours or __3__ days

RELATED CASE PENDING? ☐ Yes  ☒ No      If yes, Case #(s), if known: _____

HAS ALTERNATIVE DISPUTE RESOLUTION (ADR):     Been Tried?   ☐ Yes  ☒ No
                                                                              Requested?   ☐ Yes  ☒ No
If yes, specify: _____

Special Requirements?  ☐ Interpreter/communication impairment
                                    ☐ Other ADA accommodation: _____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES / RELIEF | |
|---|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** | |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☒ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $_____ |
| ☐ Product Liability | ☐ Other _____ | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000 | $_____ |
| ☐ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | | $_____ |
| ☐ Libel & Slander | ☐ Other _____ | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY RELIEF** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 | |
| ☐ Fraud | ☐ Landlord Tenant | | ☐ Declaratory Judgment |
| ☐ Malicious Prosecution | ☐ Other _____ | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Lead Paint | **OTHER** | ☐ Over $20,000 | ☐ Other |
| ☐ Asbestos | ☐ Civil Rights | | _____ |
| ☐ Other | ☐ Environmental | | |
| _____ | ☐ ADA | | |
| | ☐ Other _____ | | |

**TRACK REQUEST**

With the exception of Baltimore County, Baltimore City, and Prince George's County, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.

☐ 1/2 day of trial or less         ☐ 3 days of trial time
☐ 1 day of trial time              ☐ More than 3 days of trial time
☐ 2 days of trial time

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE SEE REVERSE SIDE OF FORM FOR INSTRUCTIONS.**

Date: __2-22-06__       Signature: __Mary T. Keety__

NOCIR (1/95)                                    Over

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (check only one)

- ☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.
- ☐ Standard-Short — Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.
- ☐ Standard-Medium — Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.
- ☐ Standard-Complex — Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.
- ☐ Lead Paint — Trial per model order.
- ☐ Asbestos — Events and deadlines set by individual judge.
- ☐ Protracted Cases — Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

- ☐ TRACK I — Cases having Judicially-assessed values under $25,000.
- ☐ TRACK II — Cases having Judicially-assessed values greater than $25,000 but not complex litigation.
- ☐ TRACK III — Non-jury.
- ☐ TRACK IV — Statutory Priority Jury Track.
- ☐ TRACK V — Complex Litigation (Business, Tort, Orphan's Court Appeals).

| LIABILITY FACTORS | | INJURY FACTORS | |
|---|---|---|---|
| ☐ Rear-end | ☐ Left-hand Turn | ☐ Soft Tissue | ☐ Herniated Disk |
| ☐ Slip and Fall | ☐ Other: | ☐ Broken Bones | ☐ Severe Head Injury |
| ☐ Intersection | | ☐ Joint Damages | ☐ Other: |
| ☐ Changing Lanes | | (knee, ankle, etc.) | |

### CIRCUIT COURT FOR BALTIMORE COUNTY

- ☐ Expedited (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.
- ☒ Standard (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.
- ☐ Extended Standard (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.
- ☐ Complex (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

**Circuit Court for** _____
                                                    City or County

## CIVIL–NON-DOMESTIC CASE INFORMATION REPORT

| | |
|---|---|
| *Directions:* | |

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
    *Defendant:* You must file an Information Report as required by Rule 2-323(h).
    **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY:   ☐ PLAINTIFF  ☐ DEFENDANT       CASE NUMBER:_____
                                                                    (Click to insert)
CASE NAME: _____ v _____
                        Plaintiff                                Defendant
JURY DEMAND:       ☐ Yes  ☐ No      Anticipated length of trial: ____ hours or ____ days
RELATED CASE PENDING?  ☐ Yes  ☐ No  If yes, Case #(s), if known: _____

**Special Requirements?** ☐     Interpreter/communication impairment     Which language_____
(Attach Form 1-332 if Accommodation or Interpreter Needed)                Which dialect_____
                        ☐     ADA accommodation:_____

| NATURE OF ACTION | | DAMAGES/RELIEF | |
|---|---|---|---|
| (CHECK ONE BOX) | | | |
| **TORTS** | **LABOR** | **A. TORTS** | |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $_____ |
| ☐ Product Liability | ☐ Other_____ | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000 | $_____ |
| ☐ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | | $_____ |
| ☐ Libel & Slander | ☐ Other | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | | |
| ☐ Nuisance | ☐ Judicial Sale | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Toxic Torts | ☐ Condemnation | | |
| ☐ Fraud | ☐ Landlord Tenant | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☐ Malicious Prosecution | ☐ Other_____ | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Lead Paint | **OTHER** | ☐ Over $20,000 | ☐ Other_____ |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☐ Other | ☐ Environmental | | |
| _____ | ☐ ADA | | |
| | ☐ Other_____ | | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
    A. Mediation       ☐ Yes  ☐ No       C. Settlement Conference   ☐ Yes  ☐ No
    B. Arbitration     ☐ Yes  ☐ No       D. Neutral Evaluation       ☐ Yes  ☐ No

**TRACK REQUEST**
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*
        ☐ ½ day of trial or less            ☐ 3 days of trial time
        ☐ 1 day of trial time               ☐ More than 3 days of trial time
        ☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.**

*Date* _____ *Signature* _____

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

| ☐ | ☐ |
|---|---|
| **Expedited** | **Standard** |
| Trial within 7 months of | Trial - 18 months of |
| Defendant's response | Defendant's response |

☐ EMERGENCY RELIEF REQUESTED _____   _____

*Signature*                                                                                             *Date*

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (check only one)

☐ Expedited            Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short       Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.

☐ Standard-Medium      Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.

☐ Standard-Complex     Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.

☐ Lead Paint           Fill in: Birthdate of youngest plaintiff _____.

☐ Asbestos             Events and deadlines set by individual judge.

☐ Protracted Cases     Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited              Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals,
(Trial Date-90 days)     District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard               Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud
(Trial Date-240 days)    and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers'
                         Compensation Cases.

☐ Extended Standard      Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury
(Trial Date-345 days)    Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses
                         (parties), and trial of five or more days), State Insolvency.

☐ Complex                Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product
(Trial Date-450 days)    Liabilities, Other Complex Cases.

MARYLAND JUDICIARY ☐ CIRCUIT COURT ☐ DISTRICT COURT OF MARYLAND FOR ............................
                                                                                                City/County

Located at ...................................................... Case No. ..............................
              Court Address

STATE OF MARYLAND                    Trial/Hearing Date: ...........................
        or

.................................................... vs. ....................................................
        Plaintiff/Petitioner                                    Defendant/Respondent

### Form 1-332. NOTIFICATION OF NEED FOR ACCOMMODATION OR INTERPRETER

The person named below needs the following accommodation(s) or interpreter(s) (check all that apply):

☐ Assistive Listening Device ........................................................................ (specify type)
☐ Computer Assisted Technology
☐ Documents ☐ in large print .................................................................... (specify size)
    or ☐ in Braille or ☐ in digital form or ☐ on cassette
☐ Communication board
☐ Electrical outlet for, e.g., assistive notetaking device
☐ Escort
☐ Familiarization with courtroom layout
☐ Guide dog accommodations ........................................................................(specify)
☐ Interpreter (Specify language and, if necessary, any dialect thereof, for example: American Sign Language, Korean, Mandarin Chinese, Russian, Spanish)
    (Specify dialect)
☐ Lighting ...............................................................................................(specify)
☐ Quiet room
☐ Recesses at ............................................... intervals (specify time or other interval)
☐ Scheduling of proceedings in ☐ a.m. or ☐ p.m.
☐ Small room
☐ Stair-free access to facility
☐ Use of personal tape recorder
☐ Videotaped testimony
☐ Visual aid machine ................................................................................... (specify)
☐ Wheel-chair accessible facilities, including ☐ raised/lowered counsel table ☐ accessible witness stand
☐ Other ..............................................................................................................
..................................................................................................................
..................................................................................................................
..................................................................................................................

.................................................         ....................................................
            Date                                          Name of Person Needing Assistance

..................................................................................................................
      Name, Address, and Telephone Number of Attorney or Other Individual Submitting this Notification

CC-DC 47 (2/2003)